IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

THE CHILDREN'S HOSPITAL ASSOCIATION,

Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is a public enforcement action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Cecilia McMurray. As alleged with greater particularity below, after offering Ms. McMurray a position as a Staff Assistant II, conditioned on the results of a medical exam, Defendant withdrew its offer of employment to Ms. McMurray after obtaining the results of her medical exam because of her disability, her record or history of a disability or disabilities, and/or because Defendant perceived or regarded Ms. McMurray as disabled. Moreover, Defendant failed to engage in the interactive process with Ms. McMurray and failed to offer any necessary accommodations to Ms. McMurray, which would have allowed her to perform the essential functions of the position.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant The Children's Hospital Association ("Children's Hospital"), is a Colorado nonprofit corporation in good standing.

5. At all relevant times, Children's Hospital has continuously been doing business in the State of Colorado.

6. At all relevant times, Children's Hospital has continuously been an employer engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, Children's Hospital has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

### General Allegations

8. More than thirty days prior to the institution of this lawsuit, Ms. McMurray filed a charge with the Commission alleging violations of Title I of the ADA by Children's Hospital.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Ms. McMurray is a qualified individual with a disability as defined under the ADA. She suffers from several impairments including Fibromyalgia and associated conditions such as migraine headaches, seizure activity, and inner ear autoimmune disease.

11. Ms. McMurray's physical and mental impairments substantially limit her in several major life activities, including but not limited to: sleeping, standing, socializing, and with respect to her neuroendocrine/neurotransmitter systems.

12. On December 28, 2008, Ms. McMurray applied for the position of Staff Assistant II for the Colorado Children's Healthcare Access Program in Pediatric Medicine with Defendant.

13. Ms. McMurray was interviewed for the position on three occasions.

14. On January 29, 2009, Ms. McMurray was sent a letter offering her the position of Staff Assistant II contingent upon the successful completion of a pre-employment health screen.

15. Defendant arranged for Ms. McMurray to have a medical exam at the University of Colorado Hospital.

16. On February 9, 2009, Ms. McMurray was examined by Dr. Henry J. Roth at the University of Colorado Hospital.

17. On February 10, 2009, a Human Resources Consultant with The Children's Hospital called Ms. McMurray and told her that the offer was being withdrawn due to her medical condition.

18. Ms. McMurray asked if she could provide medical documentation from her own doctor but was told she could not.

19. On February 13, 2009, The Children's Hospital sent a letter confirming the withdrawal of the job offer due to Ms. McMurray's failure to pass the required health screen for the position.

20. Ms. McMurray was able to perform the essential functions of the job, with or without a reasonable accommodation.

21. The only job-related restriction Dr. Roth recommended for Ms. McMurray was "prolonged static postures not to exceed 45 minutes."

22. Thus, the only job function of the Staff Assistant II position that Dr. Roth found that she could not perform was "long periods of sitting and computer/telephone work."

23. The Children's Hospital could have accommodated this restriction.

24. The Children's Hospital did not engage in the interactive process to determine whether it was possible to accommodate Ms. McMurray.

**Claims For Relief**
**(Violation of the Americans with Disabilities Act  -  42 U.S.C. § 12112)**

25.     Plaintiff EEOC hereby realleges, reasserts, and incorporates the preceding paragraphs with the same force and effect as if fully set forth herein.

26.     Ms. McMurray is disabled within the meaning of the ADA because she has mental and/or physical impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(1)(A).

27.     Ms. McMurray is disabled within the meaning of the ADA because Ms. McMurray has a record of an impairment that substantially limited one or more major life activities.  42 U.S.C. § 12102(1)(B).

28.     Defendant refused to hire Ms. McMurray because of an actual or perceived physical or mental impairment. 42 U.S.C. § 12102(1)(C) and (3)(A).

29.     Ms. McMurray is qualified and able, with or without reasonable accommodation, to perform the essential functions of the position of Staff Assistant II at Children's Hospital.

30.     Children's Hospital was aware of Ms. McMurray's disability or disabilities.

31.     Children's Hospital intentionally refused to hire Ms. McMurray because of her disability or disabilities, because it regarded her as disabled, and/or because of her record of disability or , in violation of Section 102(a) of the ADA.  42 U.S.C. § 12112(a).

32.     Children's Hospital denied Ms. McMurray a job opportunity based on the need to make reasonable accommodation(s) to Ms. McMurray in violation of Section 102(b)(5)(B).

33. Children's Hospital violated Section 102(d) of the ADA by utilizing the results of the pre-employment medical screening as a basis to deny her employment.

34. Children's Hospital's discriminatory treatment of Ms. McMurray was done with malice or reckless indifference to Ms. McMurray's federally protected rights.

35. The effect of the practices complained of in the foregoing paragraphs has been to deprive Ms. McMurray of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability or disabilities.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Children's Hospital, its owners, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on the basis of disability.

B. Order Children's Hospital to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled individuals and which eradicate the effects of its past and present unlawful employment practices.

C. Order Children's Hospital to institute and carry out policies, practices, and programs which ensure that Children's Hospital engages in good faith discussions and provides reasonable accommodations to disabled individuals, as required by § 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

D. Order Children's Hospital to institute and carry out policies, practices, and programs which ensure that Children's Hospital does not utilize standards, criteria, or

6

methods of administration that have the effect of discrimination on the basis of disability, as prohibited by § 102(b)(3)(A) of the ADA, 42 U.S.C. § 12112(b)(3)(A).

E.  Order Children's Hospital to make whole Ms. McMurray by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, instatement or an appropriate award of front pay.

F.  Order Children's Hospital to make whole Ms. McMurray by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

G.  Order Children's Hospital to make whole Ms. McMurray by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.  Order Children's Hospital to pay Ms. McMurray punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: August 11, 2011

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
     OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

MARY JO O'NEILL
Regional Attorney
Phoenix District Office
U.S. EQUAL EMPLOYMENT
     OPPORTUNITY COMMISSION
3300 N. Central Avenue, Room 690
Phoenix, AZ  85012-2504

RITA BYRNES KITTLE
Supervisory Trial Attorney
303.866.1347
rita.kittle@eeoc.gov

s/ *Stephanie Struble*_____
Senior Trial Attorney
303.866.1381
stephanie.struble@eeoc.gov

U.S. EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
Denver Field Office
303 E. 17th Ave., Suite 410
Denver, CO 80203

**PLEASE NOTE:**
**For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys.  Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.**

8