FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 3 0 2012

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02104-REB-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

THE CHILDREN'S HOSPITAL ASSOCIATION,

Defendant.

## CONSENT DECREE

### I. RECITALS

**1.** This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, The Children's Hospital Association ("TCH" or the "Hospital"), utilized the results of a pre-employment medical screening as a basis to deny Ms. Cecilia McMurray employment and withdrew its offer of employment to Cecilia McMurray due to her disability. The Hospital adamantly denies any violation of the applicable laws.

**2.** The Parties signatory hereto are the Plaintiff EEOC, Cecilia McMurray, and the Defendant The Children's Hospital Association.

**3.** The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter

1

of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.     For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

6.     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

7.     The duration of this Decree shall be two years from the date of signing by the Court.

## III. ISSUES RESOLVED

8.     This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the Americans with Disabilities Act that arise from Charge of Discrimination Number 541-2009-02634, filed by Cecilia McMurray.

9.     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## IV. MONETARY RELIEF

10. Judgment is hereby entered in favor of the Commission and against Defendant according to the terms of this Decree.

11. By her signature below, Cecilia McMurray agrees to release all claims asserted by Ms. McMurray in the charges of discrimination filed with the EEOC.

12. Defendant will not condition the receipt of individual relief upon Cecilia McMurray's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency for claims that were not the subject of her previous EEOC charges; or (c) promise not to reapply for a position at The Children's Hospital.

To resolve these claims, Defendant shall pay a total of $95,000 allocated as follows: $47,500 in lost wages, from which all legally required withholding taxes shall be deducted; $47,500 in pain and suffering, for which Claimant shall receive all tax reporting forms. The payments required under this Decree shall be mailed to the payee within twenty (20) calendar days after the Court's entry of the Consent Decree, and mailed to the address provided by the EEOC.

13. Within three (3) business days after payments are mailed to payees, Defendant shall submit to EEOC a copy of the checks issued.

## V. EQUITABLE RELIEF

*Scope*

14. The terms of this Decree shall apply to all of Defendant's facilities in Colorado.

*Injunctive Relief*

**15.** Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are, for the duration of this Decree, enjoined from engaging in any employment practice which discriminates on the basis of disability.

**16.** Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of them, are, for the duration of this Decree, enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Equal Pay Act, or the Nondiscrimination Act of 2008. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of a violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

*Anti-discrimination Policy*

**17.** Defendant shall adopt and/or maintain a policy proscribing discrimination based on disability, mandating that Defendant provide reasonable accommodations to

qualified individuals under the ADA, and proscribing retaliation against any employee who complains about discrimination, requests disability accommodation, or files a charge of discrimination ("Anti-Discrimination Policy"). The Anti-Discrimination Policy shall contain a description of the consequences, up to and including termination, that shall be imposed upon violators of the policy and an assurance of non-retaliation against persons and witnesses who report to Defendant that they believe they or other employees have been subjected to unlawful discrimination and/or who have asked for reasonable accommodations. Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place in each of its facilities, where notices to employees and applicants for employment are customarily kept or posted, a copy of the Anti-Discrimination Policy. Within thirty (30) days of the Court's entry of this Decree, Defendant shall provide a copy of the Anti-Discrimination Policy to all employees, and will provide the policy to newly-hired employees within ten (10) days of their hire. Within forty-five (45) days of the Court's entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

**Reasonable Accommodation Guidance**

**18.**  Defendant shall adopt and maintain a written policy that addresses how reasonable accommodation will be provided during the hiring process and in the course of employment.

**19.**  The policy must be published to all employees in accordance with the Anti-Discrimination Policy provisions in Paragraph 17. Within forty-five (45) days of the

Court's entry of this Decree, Defendant shall forward a copy of the Reasonable Accommodation Guidance to the Commission and a letter indicating that the policy has been distributed.

*Training*

20.     At least annually, Defendant shall provide EEO training for all supervisors, managers and human resources employees involved in the hiring process. Under this provision, employees will be trained at a minimum in the following areas: (a) rights of disabled employees and applicants to reasonable accommodations under the ADA, including the interactive process for determining what accommodation to provide; (b) the procedure for employees or applicants to request accommodations and the responsibilities of the individual receiving any such requests; (c) Defendant's procedures for handling accommodation requests; (d) the ADA prohibitions against medical inquiries; (e) the ADA limitations on use of medical information obtained through lawful post-offer/pre-employment medical screening; (f) the interactive process for determining reasonable accommodation, including instruction that the interactive process is required before an individual may be denied employment because of some medical condition, or based on information obtained through post-offer/pre-employment medical screening; (g) proper handling of medical information obtained as a result of post-offer/pre-employment medical screening or otherwise; (h) the penalties of engaging in discriminatory behavior. All training under this Paragraph 20 shall be at Defendant's selection and expense. Training required by 20.2 must be by live presentation by outside counsel or other vendor. Training required by paragraph 20.1

may be conducted by the Hospital's professional HR staff  The training will be conducted as follows:

**20.1. Managerial and Supervisory Employees**: Defendant will require all individuals who work in a managerial or supervisory capacity and who have hiring authority, to receive at least four (4) hours of training annually regarding the Americans with Disabilities Act and other federal anti-discrimination laws. This will include managers of affiliated entities for whom Defendant lists positions on its website or otherwise assists in the application or hiring process.  Two (2) of the four (4) hours must directly address disability discrimination and the topics described in the preceding paragraph.  Additionally, Defendant will require employees newly hired or promoted into a managerial or supervisory position, who have hiring authority, to complete the requisite 4 hours of disability-related training within forty-five (45) days of being hired or promoted.  Defendant shall further designate at least one (1) of the four (4) hours of training for the instruction of managerial and supervisorial employees in the proper methods of handling requests for reasonable accommodations from applicants and employees and the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination.  Defendant shall emphasize with managerial and supervisorial employees that, because of their position of power, such employees must be particularly vigilant not to discriminate, either consciously or because they rely on subconscious stereotypes; that they must to be sensitive of how their actions or words might be perceived by subordinate

employees; and that they must avoid the temptation to retaliate if a complaint is made, or might be made, against them.

**20.2. Human Resource Employees:** Defendant will require all individuals who work in a human resource capacity to receive at least sixteen (16) hours of training annually regarding the Americans with Disabilities Act and other federal anti-discrimination laws. Four (4) of the sixteen (16) hours must directly address an employer's obligations under the Americans with Disabilities Act. An additional two (2) hours must directly address an employer's obligations in the hiring process under the Americans with Disabilities Act, including the general prohibition against medical inquiries, the exception for post-offer/pre-employment medical screening, and the improper use of medical information. Additionally, Defendant will require employees newly hired or promoted into a human resource position to complete seven (7) hours of general EEO training within thirty (30) days of being hired or promoted into a human resource position. Defendant shall further designate at least two (2) hours of training to the instruction of human resources employees in the ADA's general prohibition against medical inquiries, the exceptions, the proper handling of medical information, the post-offer/pre-employment medical screening process, the improper use of medical information, proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as

detailing the consequences and result of the investigation where discrimination is found.

**21.** Defendant agrees that the first such training session for each employee group identified in Paragraphs 20, 20.1 and 20.2 above, will take place within ninety (90) days after the Court's entry of this Decree. Defendant agrees that all personnel shall both register and attend the training sessions.

**22.** The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendant shall provide the Commission with thirty-days (30) notice that a training session will be conducted.

***Notice Posting***

**23.** Within five (5) business days after the Court's entry of this Consent Decree, Defendant shall post in a conspicuous place in each of its stores, the Notice attached as Exhibit A to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit A. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted.

***EEO Compliance as a Component of Management Evaluation***

**24.** Defendants shall, within sixty (60) days of the entry of this consent decree, and at least continuously for the duration of this decree, develop and implement an employee

evaluation system and a management evaluation and compensation system which includes as one component of the employee's and manager's performance evaluation, EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all managerial employees, including but not limited to all managers, co-managers, assistant managers and district or regional managers.

## VI. Record Keeping and Reporting Provisions

25. For the duration of this Consent Decree, Defendant shall maintain all existing records related to implementation of this Consent Decree, including all of the following:

   **25.1.** Job Postings

   **25.2.** Hiring records

   **25.3.** Medical examination results for all individuals sent for a pre-employment medical screen;

   **25.4.** Complaints of discrimination and records documenting investigation of such complaints, including any witness statements, documents compiled, findings, and remedial steps that are generated; and

   **25.5.** Requests for accommodation and records documenting efforts to provide any such accommodation, including any records reflecting what accommodations were considered and/or provided.

26. The Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Consent Decree upon providing reasonable notice to the Hospital. In the event the

Commission exercises its right to interview personnel pursuant to this Paragraph 26, said interviews shall be at EEOC's expense. All interviews of non-management employees shall be confidential as between the Commission and the interviewee. To ensure the free flow of information and that all conversations remain confidential, Defendant is not entitled to have a representative present at the interview of non-management employees.

27. Defendant shall provide semi-annual reports for each six-month period following the entry of the Decree. The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission at least 8 weeks prior to the date on which the Consent Decree is to expire.

28. **Reporting Requirements:** Each report shall provide the following information that has been generated as part of the Hospital's standard human resources practices. Nothing in this section shall be construed to create any new obligations to create records that would not otherwise exist except for the report required by Paragraph 27 and Defendant will create a form for tracking requests for accommodation.

    28.1. For any applicant conditionally offered a position, but not hired because of a pre-employment medical screen,

        28.1.1. The report must include:

        a. The name, address and telephone number of each person conditionally offered a position with The Children's Hospital during the reporting period.

b. The position the person was offered.

c. A complete description of the reason the person was not hired.

d. If anyone is not hired due to the results of a pre-employment medical screen, a copy of the medical exam report.

**28.2. Reports of Disability Discrimination**

**28.2.1.** For purposes of this Paragraph 28.2.1, the term "report of discrimination" will include any written or documented verbal complaint which alleges discrimination, or the witnessing of discrimination, based on disability or perceived disability, the suffering or witnessing of conduct which the Defendant recognizes as presenting an allegation of disability discrimination, even if such terminology is not used by the complainant. The report must include the following information where it is generated as part of the complaint/investigation process:

a. The name, address and telephone number of any person making a complaint of disability discrimination to Defendant or to any federal, state, or local government agency.

b. The name, address and telephone number of any person identified as a potential witness to the incident of discrimination.

c. A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the

complaint, and what, if any resolution was reached; and

d.     Copies of any documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**28.3.  Complaints of Retaliation**

**28.3.1.**     For purposes of this Paragraph, the term "complaint of retaliation" will include any written or documented verbal complaint which alleges retaliation for activity that is protected under the ADA or alleges retaliation for conduct which the Defendant recognizes as protected activity under the ADA even if the complainant does not use such terminology.  The report shall include:

a.     The name, address and telephone number of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency.

b.     The name, address and telephone number of any person identified as a potential witness to the incident of retaliation.

c.     A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.     Copies of any documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**28.4. Reasonable Accommodation Procedures and Results**

**28.4.1.** The name, address and telephone number of each person making a request for accommodation to the Defendant.

**28.4.2.** A brief summary of each request for accommodation, including the following: the date of the request; the person or persons to whom the request was made; the person or persons responsible for responding to the request; any effort to engage in the interactive process with the person requesting accommodation; what accommodation was requested; whether the requested accommodation was granted, and if not, an explanation of the reasons for denying the request; whether any other accommodation was provided, and if so, what accommodation was provided, and an explanation of the reasons for providing that accommodation.

**28.4.3.** Copies of all documents memorializing or referring to the request for accommodation, investigation, and/or resolution thereof, including without limitation, any written report or documentation of the request, records compiled as part of the interactive process, and records documenting any investigation undertaken and/or accommodation provided.

**28.5. Training**

    **28.5.1.** For each training program required under Paragraph 20, and conducted during the reporting period, Defendant shall submit a registry of attendance.

    **28.5.2.** For each training program required under Paragraph 20.2 (human resource personnel training), and completed during the reporting period, Defendant shall provide a certificate of completion.

    **28.5.3.** For each training program conducted by a vendor not affiliated with Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

**28.6. Posting of Notice**: Defendant shall recertify to the Commission that the Notice required to be posted under Paragraph 23 of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**28.7. Policy Review**: Defendant shall report on the status of the EEO policy review process required under Paragraph 17, above.

**VII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE**

**29.** This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

30. There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns may enforce compliance herewith.

31. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

32. Absent extension, this Decree shall expire by its own terms at the end of twenty-four (24) months from the date of entry without further action by the Parties.

## VIII. EEOC AUTHORITY

33. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## IX. COSTS AND ATTORNEY'S FEES

34. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## X. NOTICE

35. Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

Rita Byrnes Kittle
Supervisory Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203
rita.kittle@eeoc.gov

## XI. SIGNATURES

36. The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 30th day of May, 2011.

BY THE COURT:

_Rob Blackburn_
United States District Judge

BY CONSENT:

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | THE CHILDREN'S HOSPITAL |
|---|---|
| By: _Mary Jo O'Neill_ | By: _[signature]_ |
| Mary Jo O'Neill | [Insert Name] MICHAEL WUKITSCH |
| Regional Attorney | [Insert Title] VP & CHIEF HUMAN RESOURCES OFFICER |
| Date: 5/14/12 | Date: 5/23/12 |
| By: _Cecilia McMurray_ | Date: 5/14/12 |
| Cecilia McMurray | |

APPROVED AS TO FORM:

| | |
|---|---|
| *Stephanie Struble* (signature) | *Dan Friesen* (signature) |
| Stephanie Struble | Dan Friesen |
| Trial Attorney | Jeff Walsh |
| EEOC Denver Field Office | Friesen Lamb, LLP |
| 303 E. 17th Avenue, Suite 510 | 1675 Larimer Street, Suite 675, |
| Denver, CO 80203 | Denver, CO 80202 |
| | |
| Attorneys for Plaintiff EEOC | Attorneys for Defendant |

EXHIBIT A

**NOTICE TO EMPLOYEES**

This Notice is being posted by agreement between Children's Hospital of Colorado and the Equal Employment Opportunity Commission (EEOC).

**Unlawful Disability Discrimination:** Under federal law, it is unlawful for an employer to discriminate against any employee or applicant for employment based on, among other things, disability. In other words, an employer may not make any decision regarding job application procedures, hiring, promotion, discharge, pay, job training, and other terms, conditions, and privileges of employment based on disability, nor may an employer harass an employee because of disability or tolerate workplace harassment based on disability.

**Reasonable Accommodation for Disabilities:** Under federal law, an employer is required to provide reasonable accommodation for people with disabilities if some accommodation can be provided which will enable the person to perform essential job functions and such accommodation can be provided without causing undue hardship to the employer. When an employee requests reasonable accommodation for disability, the employer is required to engage with the employee in an interactive process to determine what, if any, accommodation is appropriate under the unique circumstances of the requesting employee. Failure to provide reasonable accommodation is a form of unlawful disability discrimination.

**Requests for Medical Information:** Generally, Children's Hospital is not allowed to ask employees to provide medical information. If you have been absent from work due to illness or injury, however, Children's Hospital may require that you provide a doctor's note indicating that you are able to return to work. Children's Hospital may not require that you or your doctor explain the medical reason for your absence unless the information is being provided by a doctor in completing a medical certification under the Family Medical Leave Act. Rather, Children's Hospital is entitled to know that you are physically able to return to work and any medical restrictions on your ability to perform your job functions. If you have any medical restrictions, it is imperative that you tell Children's Hospita about those restrictions so that Children's Hospital can work with you to try to accommodate your restrictions. If you have medical restrictions, have a serious health condition, or ask for reasonable accommodation for a disability (see prior paragraph), it may be necessary for Children's Hospital to obtain medical records or talk to your doctor in order to determine what accommodations may be appropriate. If Children's Hospital requests medical information in order to determine what accommodation may be appropriate, your medical information must be kept confidential and cannot not be stored in your personnel file. Your supervisor should know your medical restrictions but not the underlying medical condition.

**Unlawful Discrimination and Retaliation:** In addition to disability discrimination, it is also unlawful to make employment decisions based on race, color, religion, sex (including pregnancy), national origin, age (over 40), or genetic information. It is also unlawful to retaliate against any individual because he or she has opposed what he or she believes in good faith to be unlawful discrimination, or has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing regarding such alleged unlawful discrimination.

**Reporting Improper Conduct:** If you are aware of any events, conduct, or information, which you believe may indicate some unlawful discrimination (including failure to provide reasonable accommodation for disabilities), harassment, hostile work environment, or retaliation, it is very important that you report the information so that steps may be taken to investigate and remedy any unlawful discrimination (including failure to provide reasonable accommodation for disabilities), harassment, hostile work environment, or retaliation which has been found to exist. You may report such matters to Children's Hospital, the EEOC, or the Colorado Civil Rights Division (CCRD), as set forth below.

**Reporting to Children's Hospital:** Within Children's Hospital, you may make such a report to your supervisor, manager, superintendent, or human resources personnel. By reporting in this manner, you do not waive any right to file a charge of discrimination with EEOC or CCRD.

**Reporting to the EEOC:** EEOC is the federal agency responsible for enforcing federal laws prohibiting employment discrimination based on race, color, religion, sex (including pregnancy), national origin, age (over 40), disability, or genetic information. You may directly contact the Denver Field Office of EEOC, located at 303 East 17th Avenue, Suite 410, Denver, Colorado 80203, at any of the following numbers:

| | |
|---|---|
| Telephone: | 303.866.1300 |
| TTY: | 303.866.1950 |
| Fax: | 303.866.1085 |
| Toll Free: | 1.800.669.4000 |

**Reporting to the Colorado Civil Rights Division (CCRD):** The CCRD is the state agency responsible for enforcing state laws prohibiting employment discrimination based on race, color, religion, sex (including pregnancy), national origin, age (over 40), disability, or genetic information. You may directly contact CCRD located at: 1560 Broadway #1050, Denver, CO 80202  (303)894-2997.

This Notice shall remain posted through May, 2014.

_5/23/12_
Date

_[signature]_
Children's Hospital of Colorado